IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LINDA S. DANT, :

        Plaintiff, : Case No. 3:11cv139

vs. : JUDGE WALTER HERBERT RICE

COMMISSIONER OF SOCIAL SECURITY, :

        Defendant. :

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #19) IN THEIR ENTIRETY, VACATING COMMISSIONER'S DECISION OF NON-DISABILITY AND REMANDING CAPTIONED CAUSE TO DEFENDANT COMMISSIONER, UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g), FOR FURTHER PROCEEDINGS; DEFENDANT'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #20) OVERRULED; PLAINTIFF'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #21) OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT COMMISSIONER, VACATING THE COMMISSIONER'S DECISION OF NON-DISABILITY AND REMANDING THE CAPTIONED CAUSE TO THE DEFENDANT COMMISSIONER, UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THE REPORT AND RECOMMENDATIONS AND THIS OPINION; TERMINATION ENTRY

---

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits. On August 8, 2012, the United States Magistrate Judge filed a Report and Recommendations (Doc. #19), recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act be reversed/vacated, and that the captioned cause be remanded to the Defendant

Commissioner, under the fourth sentence of 42 U.S.C. § 405(g), for further proceedings consistent with his Report and Recommendations. Based upon reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (Doc. #19), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript (filed with Defendant's Answer at Doc. #6), and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in their entirety and, in so doing, orders the entry of judgment in favor of the Plaintiff and against the Defendant Commissioner, concluding that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was neither supported by substantial evidence nor determined under the correct legal criteria. The Commissioner's Objections to said judicial filing (Doc. #20) are overruled. The Plaintiff's Objections to said judicial filing (Doc. #21) are overruled. Accordingly, the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act is reversed/vacated and the captioned cause remanded to the Defendant Commissioner, under sentence four of 42 U.S.C. § 405(g), for further proceedings consistent with both the Magistrate Judge's Report and Recommendations and the instant decision.

In reviewing the Commissioner's decision, the Magistrate's task is to determine if that decision is supported by "substantial evidence and if the administrative law judge employed the correct legal criteria." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de novo review of those recommendations of the report to which objection is made. This de novo review, in turn, requires this Court to

re-examine all the relevant evidence, previously reviewed by the Magistrate, to determine whether the findings of the Secretary [now Commissioner] are supported by "substantial evidence." Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility. Garner, supra. The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion. Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1.  The Commissioner timely filed Objections(Doc. #20), first disputing that the ALJ failed to comply with SSR 96-6p. While the Commissioner correctly notes that an ALJ is not bound by a Medical Examiner's ("ME's") finding on the issue of medical equivalence, SSR 96-6p requires an ALJ to obtain an updated medical expert *opinion* before a medical equivalence finding can be made and when "a judgment of equivalence may be reasonable." The ME's testimony alone reasonably suggests that Plaintiff may

-4-

medically equal a Listing, see doc. 19 at PageID 104-05, and the ALJ failed to comply with SSR 96-6p because the ME – while properly called to testify at the hearing – never actually provided a medical *opinion* as to whether Plaintiff medically equals a Listing. Further, the Commissioner's argument – that the ALJ reasonably relied on the state agency reviewing physicians' signatures on the disability forms as medical expert opinions on the issue of medical equivalence – is unavailing because those opinions occurred before the ALJ heard the ME's testimony.

2. The Commissioner asserts the medical evidence relating to Plaintiff's heart condition is insufficient to show that Plaintiff actually *meets* the criteria of Listing 4.04. See Doc. #20 at PageID 113-16. However, the Commissioner's argument is misplaced. Plaintiff does not contend the ALJ erred in finding she does not *meet* a Listing, but rather, in finding she does not *medically equal* a Listing. Medical equivalence can be found in three ways: (1) the claimant has a Listed Impairment but does not exhibit the specified severity or findings, yet has "other findings" that are "at least of equal medical significance" to the criteria; (2) the claimant has a non-listed impairment that is "at least of equal medical significance" to a listed impairment; or (3) the claimant has a combination of impairments which do not individually meet a Listed Impairment, but are "at least of equal medical significance" to a listing when viewed in totality. 20 C.F.R. §§ 404.1526, 416.926. At the administrative hearing, the ME suggested that Plaintiff may medically equal a Listing due to her "multiplicity of problems," *i.e.,* the combination of her heart and shoulder impairments. Tr. 1255-57. Therefore, the ALJ should have considered whether

Plaintiff's heart condition and shoulder impairment in combination medically equal a Listing.

3.  In her Objections (Doc. #21), Plaintiff argues that the Magistrate Judge failed to consider her argument concerning the ALJ's residual functional capacity ("RFC") finding and Step Four analysis. Given the Magistrate Judge's determination that the ALJ erred at Step Three and merits reversal as a result, this argument is unavailing. See Reynolds v. Comm'r of Soc. Sec., 424 F. App'x 411, 417 (6th Cir. 2011) ("Arguments relating to the ALJ's Step Four analysis need not be reached because the ALJ must revisit his Step Three analysis"). Nonetheless, the Court notes that should the ALJ ultimately conclude that Plaintiff does not meet or medically equal a Listed Impairment at Step Three, he or she should reassess Plaintiff's RFC and her ability to perform past relevant work. See id.

4.  As succinctly stated by the Magistrate Judge:

> Social Security Ruling 96-6p requires an ALJ to obtain medical expert testimony on the issue of medical equivalence when, in the ALJ's opinion, "the symptoms, signs, and laboratory findings reported in the case record suggest that a judgment of equivalence may be reasonable." SSR 96-6P, 1996 WL 374180, at *4. Here, the Court concludes that the ME's testimony alone reasonably raises the question as to whether Plaintiff medically equals Listing 4.04.[1] Therefore, pursuant to Social Security Ruling 96-6p, the ALJ was required to either (1) obtain a definitive answer on the issue of medical equivalence from the testifying ME; or (2) obtain a medical opinion from a different ME. Accordingly, the Court recommends that the ALJ's non-disability finding be reversed, and the matter be remanded for further development of the record. See Bowen, 478 F.3d at 746 ("[A] decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant

---

[1] The Court does not intend to express an opinion whether Plaintiff meets or medically equals Listing 4.04, but rather finds there was sufficient evidence for the ALJ to inquire further, and obtain a definitive medical opinion whether such a finding was warranted.

on the merits or deprives the claimant of a substantial right); Ferguson v. Comm'r of Soc. Sec., 628 F.3d 269, 272 n.1 (6th Cir. 2010) (noting that Social Security Rulings are binding); cf. Johnson v. Barnhart, 66 F. App'x 285, 288-89 (3d Cir. 2003) (determining that the ALJ's decision should be reversed for failing to consult a Medical Expert as required by SSR 96-6p); Diehl v. Barnhart, 357 F. Supp. 2d 804, 818 (E.D. Pa. 2005) (same); Maniaci v. Apfel, 27 F. Supp. 2d 554, 558-59 (E.D. Pa. 1998) (finding the ALJ failed to adequately develop the record when the evidence "fairly raised[d] the question" of whether the claimant met a Listing, yet did not obtain Medical Expert testimony on the issue); Honeysucker v. Bowen, 649 F. Supp. 1155, 1158-60 (N.D. Ill. 1986) (same).
(Doc. #19 at 10-11)

WHEREFORE, based upon the aforesaid, this Court adopts the Report and Recommendations of the United States Magistrate Judge (Doc. #19), in their entirety, having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence and that the Administrative Law Judge did not employ the correct legal criteria. Defendant's Objections (Doc. #20) and those of the Plaintiff (Doc. #21) to said judicial filing are overruled. Judgment will be ordered entered in favor of the Plaintiff and against the Defendant Commissioner, vacating the decision of the Defendant Commissioner that Plaintiff was not disabled and therefore not entitled to benefits under the Social Security Act and remanding the captioned cause to the Defendant Commissioner, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further proceedings consistent with the Report and Recommendations and this decision, to wit: to obtain an updated medical opinion from a Medical Expert, Dr. Manders or another qualified medical professional, on whether Plaintiff's impairments are medically equivalent to any Listing.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

September 25, 2012

                                         WALTER HERBERT RICE, JUDGE
                                         UNITED STATES DISTRICT COURT

Copies to:

Counsel of record